## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JERRY G. WHITE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION FILE |
| v. | ) NO. 1:03-CV-0002-GET-CCH |
| | ) |
| **SEARS, ROEBUCK AND CO.,** | ) |
| | ) |
| **Defendant.** | ) |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

It appearing that this action involves private, confidential, and sensitive information of the parties and of former employees of Defendant Sears, Roebuck and Co., including proprietary business information and individual personal information (such as, for example, compensation records and records related to employee benefits), the Court finds and concludes that this Order will expedite discovery, that its benefits outweigh any countervailing burden on public access to the judicial process, and that it represents the least onerous alternative for balancing the public's access to its judicial process with the specific, legitimate interest of the litigants and other affected persons.  Accordingly, it is

HEREBY ORDERED THAT:

1.  This Order controls the use of confidential information and documents containing confidential information produced by any party in this action, including but not limited to, responses to interrogatories or requests for admission, deposition testimony and exhibits, information derived from confidential information and documents containing confidential information, and all copies, excerpts or summaries thereof.

2.  The parties have in good faith attempted to designate the specific categories of information that are "Confidential Information," but nothing precludes any party from in good faith designating any other information or documents as "Confidential Information" or seeking additional protection as provided in paragraph 15 below. All information and documents designated as "Confidential Information" shall be treated as confidential unless and until the parties agree or the Court declares otherwise. Absent agreement or subsequent order of the Court, "Confidential Information" shall include the following information:

   a.  federal, state or other tax returns, tax schedules, and tax agreements, both personal and corporate;

b. employee personnel files;

c. documents regarding employee compensation, benefits, payroll, and evaluation information;

d. non-public information regarding benefit plans, participants and negotiations;

e. employee and corporate tax information;

f. medical, health, disability or injury records;

g. workers compensation files and records;

h. unemployment compensation files and records;

i. social security files and records;

j. practices and procedures manuals distributed only to supervisors and above;

k. records reflecting hours worked;

l. promotion, demotion, transfer, disciplinary and termination records, and status change information;

m. trade secrets; customer lists and accounts;

    n.    customer research, competitive analyses; non-public organizational charts; educational and training policies and systems;

    o.    internal accounting standards; business plans; banking information; insurance information; sales data and projections; pricing policies; revenue, profits, losses, expenses and financial performance; customer complaints; audit reports; EEO-1 and other reports to government agencies;

    p.    patent information;

    q.    documents and information created within or submitted to the Company relating to allegations or complaints of discrimination received or investigated by the personnel or human resources department or any other division or department;

    r.    any other documents which a party in good faith designates as "Confidential Information."

3. Any documents or information produced or provided during the course of discovery may be designated as "Confidential Information" by the producing or providing party for the purposes outlined in this Order as follows:

a. The notation "Confidential" shall be stamped or otherwise plainly marked on each designated document on the first page of designated documents, statements, pleadings, or discovery with multiple pages, or on the label of any computer data, video or audio tape recordings, testimony, exhibits, or other materials produced in this action, or shall be so designated by informing the parties in subsequent correspondence.

b. Deposition testimony and exhibits may be designated as Confidential Information by doing so on the record while the deposition is being taken or by written notice to opposing counsel and the court reporter not later than thirty (30) days after the later of the entry of this Order or the receipt of the deposition transcript. Until entry of this Order and during such thirty (30) day period, the entire deposition transcript and all exhibits shall be deemed to be Confidential Information for purposes of this Order. Thereafter, only those portions of the transcript and exhibits that have been designated as Confidential Information shall be so treated, except that all copies of deposition transcripts that contain Confidential Information shall be prominently marked "Confidential Information – Subject to Protective Order" on the cover.

  c. All Confidential Information in any affidavits, briefs, memoranda, or other papers filed with the Court shall be designated as "Confidential Information – Subject to Protective Order."

4. The designation of such documents or information as Confidential Information shall mean that such Confidential Information shall be used only for the purpose of this action and shall not be disclosed or transmitted, verbatim or in the substance, to anyone except the following:

  a. To Plaintiff or Defendant and their respective counsel of record (hereby defined to include other attorneys and staff in their law firms who are working on this case);

  b. To actual or potential deponents or witnesses who already know or have a need to know the content of the Confidential Information, but only to the extent needed to sustain or oppose any claim or defense, to examine or cross-examine any such witness, or to support or oppose any motion before the Court;

  c. To any person who had previously prepared or received the Confidential Information;

  d. To expert witnesses and expert consultants, regardless of whether they are anticipated to testify at trial for use only in connection with their roles as experts in this action;

  e. To the Court, Court personnel and the jury during any trial of this case;

  f. To court reporters and their stenographic employees transcribing testimony in and from notes taken during depositions and hearings held in connection with this action and videographers recording testimony in this action; and

  g. To any other individual to whom, in the good faith opinion of counsel of record for Plaintiff or Defendant, Confidential Information must be disclosed or transmitted to help prepare for the prosecution or defense of this action; provided that counsel of record making the disclosure or transmittal (i) first advise the individual of the terms and conditions of this Order and obtain his or her agreement to be bound by it by executing the Confidential Undertaking attached hereto as Exhibit A, (ii) maintain a log of all individuals to whom such disclosure or transmittal is made, and (iii)

allow opposing counsel of record access to this log and, if necessary, all signed Undertakings, upon reasonable notice and a showing of good cause.

5. Neither Plaintiff nor Defendant nor their counsel of record shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any Confidential Information for any purpose not expressly permitted hereunder.  Nothing in this Order, however, shall prevent disclosure beyond the terms of this Order if the parties consent in writing to such disclosure or if the Court, after notice to all affected parties, orders such disclosures.  Moreover, this Order shall not limit any party's right to use its <u>own</u> Confidential Information in <u>any</u> manner it may.  Nor shall this Order regulate the manner of receipt of any evidence at trial.

6. Neither Plaintiff nor Defendant nor their counsel of record shall discuss or disclose the contents of any Confidential Information with any other person, except as otherwise permitted in this Order.

5. All documents produced by the parties that contain Confidential Information and are designated as "Confidential" shall be treated and maintained as such by all persons to whom such documents are disclosed pursuant to the terms of this Order.  Counsel for the parties will maintain the security of such documents.

7.      Documents, materials and information designated as "Confidential" shall be used ONLY in connection with this case and may not be disclosed wholly, in part, or in substance, to persons who are not counsel of record for the parties to this action except as set forth in this Order.

8.      Persons who obtain access to Confidential Information pursuant to the terms of this Order shall hold such information in confidence and shall use the information for preparation and trial of this action only and not for any other business or purpose, including without limitation, any business, governmental, commercial, or other litigation purpose.  All Confidential Information will be reasonably maintained so as to preclude access by or disclosure to persons not authorized under this Order.

9.      Within thirty (30) days after the conclusion of this litigation, by settlement or adjudication, including any appellate proceedings, the Confidential Information (and all copies, transcriptions or reproductions in any form whatsoever) produced or provided by Plaintiff or Defendant shall be returned to their respective counsel of record.  Any such Confidential Information produced by or belonging to the opposing party that is later returned to counsel for Plaintiff or Defendant by a person who has executed a Confidentiality Undertaking shall be

returned to counsel for the party producing such Confidential Information or to whom such Confidential Information belongs within ten (10) business days after receipt. Any work product, abstracts, or summaries of such Confidential Information prepared by Plaintiff or Defendant or their counsel of record shall not be disseminated or published. Counsel of record may retain deposition transcripts and need not return the deposition transcripts to the party designating the transcript or portion(s) thereof as Confidential Information. Counsel of record retaining transcripts that contain Confidential Information may use the transcripts only as set forth in this Order, notwithstanding that the litigation has concluded.

10. Nothing in this Order shall prohibit Plaintiff or Defendant from objecting to the production or disclosure of the Confidential Information on the grounds that such information is confidential or sensitive, and likewise nothing contained herein shall preclude any party from challenging the confidential designation of any document or information. Furthermore, nothing in this Order shall preclude the parties from objecting to the admissibility or use of the Confidential Information in this litigation or in any other proceeding.

11. Where disputes arise as to the applicability of this Order to any documents or information produced or provided by Plaintiff or Defendant, such

disputes shall be resolved, if possible, by agreement of the parties to this action.  If after a reasonable time the parties cannot reach an agreement to resolve such a dispute, either party may move the Court to rule on the issue.  Documents or information designated as Confidential Information pursuant to this Order shall be treated as such unless and until the Court rules otherwise.

12. The inadvertent or unintentional disclosure of any Confidential Information by the designating party or by any third party shall not be construed to be a waiver, in whole or in part, of a party's claims of confidentiality either as to the specific Confidential Information disclosed or as to any other related information.  Any inadvertent or unintentional disclosure of any documents or material containing Confidential Information, work product, or attorney client privileged information by any party or by any third party may be corrected and properly designated within a reasonable period after discovery of the inadvertent or unintentional disclosure.

13. The provisions of this Order shall survive and remain in full force and effect after the entry of the final judgment, including any appellate proceedings in this case, whether by settlement or adjudication.

14. This Order is entered without prejudice to the right of any party to seek modification of this Order or to seek additional protection as permitted by Fed. R. Civ. P. Rule 26(c).

15. The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order and any amendment thereto.

SO ORDERED, this  8th  day of  November , 2005.

/s/ *C. Christopher Hagy*
United States Magistrate Judge
Northern District of Georgia

AGREED AND CONSENTED TO:

ARTHUR F. MILLARD

/s/ Arthur F. Millard
Arthur F. Millard
Georgia Bar No. 505990
amillard@mindspring.com

Suite 319
4470 Chamblee Dunwoody Road
Atlanta, Georgia 30338
T:  (770) 986-4100
F:  (770) 986-4100

ATTORNEY & COUNSELOR AT LAW

                                                FISHER & PHILLIPS LLP

                                                /s/ E. Jewelle Johnson
                                                E. Jewelle Johnson
                                                Georgia Bar No. 393357
                                                ejjohnson@laborlawyers.com

1500 Resurgens Plaza
945 E. Paces Ferry Road, N.E.
Atlanta, GA  30326-1125
T:  (404) 231-1400
F:  (404) 240-4249

                                                ATTORNEY FOR DEFENDANT

## EXHIBIT A

## CONFIDENTIALITY UNDERTAKING

The undersigned has read the annexed Confidentiality Stipulation and Protective Order ("Protective Order"), understands its contents, and hereby undertakes to make no disclosures of any Confidential Information, as that term is defined in the annexed Protective Order, to any person who is not authorized by said Order to have access to such Confidential Information.  The undersigned agrees to return all Confidential Information supplied by any party, directly or indirectly, and all copies thereof and all notes or other transcriptions made therefrom, to the party producing the Confidential Information, within thirty (30) days of the conclusion of this action and any appeals thereof.  The undersigned understands that a violation of this undertaking is punishable as contempt of court.


Date:_____          Name: _____

                                 Signature: _____